USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/8/2020



**JAMES E. JOHNSON**
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**PETER W. BROCKER**
*Assistant Corporation Counsel*
Phone: (212) 356-2332
Fax: (212) 356-3509
Email: pbrocker@law.nyc.gov

July 6, 2020

**VIA ECF**
Hon. Stewart D. Aaron, U.S.M.J.
United States District Court
Southern District of New York
500 Pearl Street,
New York, NY 10007

      Re:    <u>Kevin Monahan, et al. v. City of New York</u>,
              20 Civ. 2610 (PKC) (SDA)

Your Honor:

      I am counsel for defendant the City of New York in the above-referenced matter, as well as the matter of *George Packard v. City of New York*, 15 Civ. 7130 (AT) (SDA), which raises identical claims to the present matter. Defendant writes to respectfully request that the Court adjourn the settlement conference, presently scheduled for July 14, 2020 at 10:00 a.m., by 90 days, to a date of the Court's convenience after October 14, 2020. This is defendant's first request to adjourn this conference. Plaintiffs oppose this motion.

      By way of brief background, plaintiffs in both *Monahan* and *Packard* allege that they were unlawfully arrested during the Occupy Wall Street protests' first anniversary, in September 2012. Plaintiffs in both matters allege a claim against the City of New York for its alleged failure to train on the constitutional requirements of enforcement of the law prohibiting disorderly conduct. Plaintiffs currently demand monetary compensation, including for their attorney's fees and litigations costs and expenses, as well as equitable relief in the form of modifications to the NYPD's policy and training related to policing protests for disorderly conduct.

      There are two reasons for this request to adjourn the presently scheduled settlement conference. First, as a result of current events, the City is not currently in a position to discuss any form of equitable relief in these matters. The recent Black Lives Matter demonstrations have led to multiple reviews of the NYPD's manner of policing protests. Given the potential that there will be changes recommended and implemented by the NYPD, which may bear on any non-monetary relief in this matter, the City cannot in good faith enter into any agreement with plaintiffs' counsel in this matter at this time. As a result, the City submits it is a waste of judicial

- 2 -

and litigant resources to pursue settlement that is known to be impossible at this time. Secondly, the City is currently implementing a newly passed and reduced budget, without recent recent precedent, and cannot effectively respond to plaintiffs' monetary demand. Plaintiffs demand settlement with the individual plaintiffs and with proposed class members,[1] as well as a significant amount in attorney's fees and costs.

Finally, as the Court may be aware, there is presently a trial date set in the *Packard* matter in October, 2020. In light of the ongoing Covid-19 public health crisis, as well as because the undersigned is still getting up to speed on that matter, the City has requested that the trial date be adjourned to 2021. Assuming the Court adjourns the trial date, the parties would be able to include discussion of the *Packard* matter in any rescheduled settlement conference.

As a result of the foregoing, defendant is simply unable to participate in the presently scheduled settlement conference, and respectfully requests that the Court adjourn the settlement conference from July 14, 2020 to a date convenient for the Court after October 14, 2020.

Thank you for your consideration.

Respectfully submitted,

*Peter W. Brocker* /s//

Peter W. Brocker, *Esq.*
*Assistant Corporation Counsel*

cc:   All Counsel of Record (via ECF)

---

Defendant's request to adjourn the 7/14/2020 settlement conference is GRANTED. As suggested by Plaintiffs, the parties shall contact the Court to reschedule the settlement conference at such time that "the parties agree a mediation conference will go forward in good faith." (See ECF No. 23.) Plaintiffs' request for redaction and/or striking of a document contained on the public docket (even assuming it contains any confidential information) is denied. See King Pharm., Inc. v. Eon Labs, Inc., No. 04-CV-05540 (DGT), 2010 WL 3924689, at *10 (E.D.N.Y. Sept. 18, 2010) (denying redaction request for information that was "already public"). SO ORDERED.
Dated: July 8, 2020

---

[1] Plaintiffs in the *Packard* matter currently have a pending appeal before the Second Circuit challenging the denial of their motion for class certification.