UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------x

KEVIN MONAHAN,

                                                Plaintiffs,

                -against-                          20 Civ. 2610 (PKC)

THE CITY OF NEW YORK,

                                                Defendant.

-------------------------------------------------------------------------x

# **MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO PRECLUDE PLAINTIFFS' POLICE PRACTICES "EXPERT" ROBERT E. BROWN, ESQ.**

**JAMES E. JOHNSON**
Corporation Counsel of the City of New York
*Attorney for City of New York*
100 Church Street, 4th Floor
New York, New York 10007
T: 212-356-2332

<u>Of Counsel</u>

Peter Brocker, Esq.

## PRELIMINARY STATEMENT

Plaintiffs are individuals who were participating in the unpermitted Occupy Wall Street ("OWS") one-year anniversary protests on September 17, 2012, and were arrested and charged with disorderly conduct. N.Y. Pen. L. 240.20(5)-(6). Plaintiffs now allege that they were falsely arrested and state a single claim against the City of New York for failure to train.

Plaintiffs' submit the report of Robert E. Brown in support of their motion for summary judgment, see Declaration of Wylie Stecklow, dated April 19, 2021, at Ex. 177. Because Brown's opinions are inadmissible at trial, however, they should not be considered in decided the parties' instant cross motion for summary judgment.

## STATEMENT OF FACTS

For a complete statement of undisputed facts, the Court is respectfully referred to Defendants' Local Civil Rule 56.1 Statement of Undisputed Facts ("D's 56.1 Statement"), dated June 2, 2021, which is being submitted concurrently herewith.

## ARGUMENT

Plaintiffs submit the "expert" report of Robert A. Brown, Esq. ("Brown") in support of their claims in this matter. Specifically, Brown opines that NYPD "Executive Level Officers" were not properly trained in policing "sidewalk protests," and that the named plaintiffs were arrested without probable cause as a direct result of that failure to train. However, Brown's testimony is inadmissible and should be precluded from use in connection with plaintiffs' motion for partial summary judgment and at trial. The Supreme Court has assigned to district courts a "gatekeeping" role with respect to the admissibility of expert opinion testimony. See Fed. R. Evid. 702; Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 579, 593 (1993) (holding that it is the district court's responsibility to ensure that "any and all scientific testimony or evidence admitted is not only relevant, but reliable").

> Under Rule 702, an expert with specialized knowledge [that] will help the trier of fact may testify so long as that testimony is based on sufficient facts or data and is the product of reliable principles and methods that the witness has reliably applied . . . to the facts of the case. The proponent of the expert testimony has the burden to establish these admissibility requirements, with the district court acting as a gatekeeper to ensure that the expert's testimony both rests on a reliable foundation and is relevant to the task at hand.

In re Pfizer Inc. Sec. Litig., 819 F.3d 642, 658 (2d Cir. 2016) (internal quotations and citations omitted). Rule 702, thus, sets forth three basic requirements: (1) that the witness is qualified as an expert in a particular field; (2) that the expert opinion be based on reliable data and methodology; and (3) that the expert opinion assist the trier of fact. See CDR-Wantagh, Inc. v. Shell Oil Co., 07-CV-4497 (DRH)(ETB), 2011 U.S. Dist. LEXIS 19717, *21-22 (E.D.N.Y. Feb. 28, 2011) (citing Nimely v. City of New York, 414 F.3d 381, 395 (2d Cir. 2005)).

It is the proponent of expert testimony who bears the burden to establish each of these requirements by a preponderance of the evidence. United States v. Williams, 506 F.3d 151, 161 (2d Cir. 2007); Soley v. Wasserman, 2013 U.S. Dist. LEXIS 88235, at *9 (S.D.N.Y. 2013). Plaintiff cannot demonstrate by a preponderance of the evidence that Brown's testimony satisfies even one of these requirements.

## POINT I

### BROWN IS NOT QUALIFIED AND HIS REPORT IS UNRELIABLE.

"Whether a proposed expert is qualified depends on his her educational background, training, and experience in the field relevant to the opinions that he or she seeks to express." Estate of Jacquez v. City of New York, 104 F. Supp. 3d 414, 427 (S.D.N.Y. 2015); see also, United States v. Tin Yat Chin, 371 F.3d 31, 40 (2d Cir. 2004) ("To determine whether a witness qualifies as an expert, courts compare the area in which the witness has superior knowledge, education, experience, or skill with the subject matter of the proffered testimony."). Indeed, the

court must ensure that the expert will actually be testifying "on issues or subject[s] within his or her area of expertise." Stagl v. Delta Air Lines, Inc., 117 F.3d 76, 80 (2d Cir. 1997).

Further, where an individual is not qualified to act as an expert, the reliability of the opinion is undermined. New York v. UPS, 15 Civ. 1136 (KBF), 2016 U.S. Dist. LEXIS 123115, at *10 (S.D.N.Y. 2016) ("Without the requisite qualifications, the reliability of a proposed expert's testimony may be in serious doubt."). In evaluating reliability, the court "should undertake a rigorous examination of the facts on which the expert relies, the method by which the expert draws an opinion from those facts, and how the expert applies the facts and methods to the case at hand." Amorgianos v. Amtrak, 303 F. 3d 256, 267 (2d Cir. 2002). Thus, exclusion is warranted should a court "conclude that there is simply too great an analytical gap between the data and the opinion proffered." Nimely, 414 F.3d, at 396 (quoting General Electric Co. v. Joiner, 522 U.S. 136, 146 (1997)). In keeping with these principles, "an expert opinion is inadmissible if it is connected to existing data only by the *ipse dixit* of the expert." Joiner, 522 U.S. at 146.

Brown is a former police officer, who is now a practicing criminal defense attorney; Brown has no background in training police officers regarding First Amendment principles, in policing demonstrations, or even in First Amendment principles. As a result, Brown is simply not qualified to offer an expert opinion as to the training of the NYPD.

Indeed, Brown's expert report contains a two-page description of his professional career, which in relevant part states that: Brown graduated with a degree in criminal justice from St. John's University in 1985; beginning at an unstated date, Brown worked as a police officer for the New York City Housing Police Department (the "NYCHPD"); upon leaving the NYCHPD, Brown was the Commanding Officer of the Office of Legal Matters; at an unstated time, Brown

joined the NYPD at an unstated rank; Brown worked for an unspecified period as a Captain in the NYPD; for an unknown period of time, Brown was a lieutenant and was the Commanding Officer of the NYPD's Special Prosecutor Office; during his time with the NYCHPD and NYPD, Brown spent an unspecified amount of time investigating allegations of police misconduct; Brown obtained a Juris Doctorate from St. John's University School of Law in 2000; since retiring from the NYPD in 2000 Brown has been a practicing attorney with a primary practice area of criminal defense. (Declaration of Wylie Stecklow ("Stecklow Decl."), dated April 19, 2021 at Ex. 177, pp. 18-20). These credentials not only highlight Brown's lack of qualifications, but his intrinsic bias that renders his "opinions" unreliable.

Significantly, Brown has never received nor given any specialized training regarding the First Amendment; Brown has never received any specialized training regarding disorderly conduct, N.Y. Pen. L. 240.20(5)-(6); Brown has never received any specialized training regarding policing large unpermitted demonstrations; Brown has never taught any courses, nor published any materials, regarding policing of large demonstrations; Brown has never taught any courses, nor published any materials, regarding the application of disorderly conduct to protesters; Brown has never policed or supervised any large scale demonstrations or protests. Indeed, no Court has *ever* permitted Brown to testify at trial as an expert witness. (Id.).

Other than being an attorney and a retired police officer, there is no indication that Brown spent any amount of time or energy investigating any relevant issue in his report, such as the application of disorderly conduct to sidewalk protests or the training of police officers. Further, Brown's time as a police officer ended more than 20 years ago and more than 12 years before the date of incident in this matter; even if he had trained officers on First Amendment principles and disorderly conduct as a Captain at that time, which there is no reason to suspect,

5

his experience would be too outdated and attenuated to support his designation as an expert here. Simply having law enforcement experience does not equate with having specialized knowledge and/or experience sufficient to qualify an individual as an expert. See, e.g., Bazile v. City of New York, 215 F. Supp. 2d 354, 365 (S.D.N.Y. 2002), aff'd by 2003 U.S. App. LEXIS 8439 (2d Cir. 2003) (finding that the proposed expert lacked the experience and/or qualifications necessary, stating "[a]lthough he does have experience in drug enforcement and in supervision of law enforcement personnel, he has none in conducting internal disciplinary investigations, such as the one involved in the instant case[.]").[1]

Further, the report also lacks sufficient reliability to be admissible for any purpose because Brown did not employ any sort of specialized methodology or even his experience as an NYPD officer in reaching his various conclusions. Indeed, Brown's own opinion would seem to undermine his admission here: if senior police officers are not properly trained and his opinion regarding police training is based on his time as a senior police officer, by his own admission, this experience was not founded upon any reliable principles and his testimony is inadmissible. See, E.g., Linkco v. Fujitsu, 2002 U.S. Dist. LEXIS 12975, at *13 (S.D.N.Y. 2002) ("[I]f the witness is relying solely or primarily on experience, then [he] must explain how that experience leads to the conclusion reached, why that experience is a sufficient basis for the opinion, and how that experience is reliably applied to the facts.").

It is clear from his report that Brown simply relied on his own interpretation of the facts and belief as to what the landscape of the law is in rendering what he calls an *expert* opinion; it is

---

[1] See also Nimely, 414 F.3d, at 399 n.13 ("because a witness qualifies as an expert with respect to certain matters or areas of knowledge, it by no means follows that he or she is qualified to express expert opinions as to other fields."); Jacquez v. City of New York, 104 F. Supp. 3d at 429-430 (S.D.N.Y. 2015) ("[The proposed expert's] expertise lies in emergency medicine and not in the areas in which he seeks to opine. The mere possession of a medical degree does not qualify one to be an expert in all medically related fields.").

6

no more than a legal brief under a different title. Brown also fails to show his work, as required when an opinion is based on specialized experience. Linkco, 2002 U.S. Dist. LEXIS 12975, at *13. Brown simply states the selection of testimony and documents he reviewed and then states his conclusions. There is no method of connecting those conclusions "reliably… [to] his experience" and there is no basis for concluding that "he has reliably applied his knowledge… to the specific facts of the case." Pension Comm., 691 F. Supp. 2d 448, 465 n. 92 (S.D.N.Y. 2010). Rather, Brown's report is replete with inadmissible *ipse dixit* opinions and conclusions.[2]

Because Brown's opinion is not reliable and he is not qualified to render an expert opinion, either for purposes of summary judgment motion practice or trial, his opinion is inadmissible and should be precluded.

## POINT II

### BROWN'S OPINIONS ARE NOT HELPFUL AND WILL CONFUSE THE JURY.

A court should not admit expert testimony that is "directed solely to lay matters which a jury is capable of understanding and deciding without the expert's help." United States v. Mulder, 273 F.3d 91, 104 (2d Cir. 2001) (quoting United States v. Castillo, 924 F.2d 1227, 1232 (2d Cir. 1991)). Furthermore, "expert testimony may not usurp the province of the judge to instruct on the law, or of the jury to make factual determinations." Travelers Ind. Co. v. Northrup Grumman Corp., 2014 U.S. Dist. LEXIS 14981, at *11 (S.D.N.Y. 2014) (citations omitted).

As an initial matter, the majority of Brown's report, and his entire supplemental report, focus on whether there is a probable cause to arrest each plaintiff. However, "the existence of probable cause is a question of law that is **not** properly the subject of expert testimony." Sullivan

---

[2] For example, Brown concludes that ninety-percent of all the arrests during the entirety of OWS resulted in dismissal. (Brocker Decl., at Exhibit "Y"). There is no indication of what he could possibly be basing that statement on, as he does not claim to have reviewed every criminal case brought against an OWS demonstrator; indeed, it is clear Brown did not review any criminal court documents that were not related to the plaintiffs in this matter, or in the matter of Packard, et al. v. City of New York, 15 Civ. 7130 (AT) (SDA)). (Stecklow Decl., at Ex. 177).

7

v. Lakeram, 2017 U.S. LEXIS 155254, *14 (S.D.N.Y. 2017) (Buchwald, J.) (emphasis added) (citing Rizzo v. Edison, Inc., 172 Fed. App'x 391, 391 (2d Cir. 2006)). This reason alone is sufficient for Brown's testimony to be deemed inadmissible and not be considered in deciding the parties' motions for summary judgment.

Further, Brown's opinions also cover other impermissible areas that are reserved for the jury or the Court. For example, Brown concludes that the "NYPD's actions deviated materially from good and accepted standard of police practice." (Stecklow Decl., at Ex. "177," at p. 9). He does not, however, state what the good and accepted standards of police practice are or specifically how the NYPD's actions related to the plaintiffs deviated from good and accepted standards of practice. Indeed, Brown does not even identify who promulgates the relevant "good and accepted standards of police practices." Thus, he offers no statement to help the jury in determining what good and accepted police practices were or whether and how the NYPD deviated from them.

Likewise, Brown states as fact that had "Executive Level Officers," who were solely responsible for making arrest decisions during OWS been properly trained, unlawful arrests would not have occurred. (Id., at p. 12). Brown provides no basis whatsoever for this statement and no experience from which he could make such a bald conclusion. Rather than "*assist* the trier of fact to understand the evidence or to determine a fact in issue" (Fed. R. Evid. 702) (emphasis added), Brown attempts to simply *tell* the trier of fact his interpretation of the evidence. This is clearly not helpful to the jury.

Furthermore, Brown's purported expert opinions are either legal conclusions or findings of fact that are to be determined by the Court and jury, respectively. His report contains arguments that any lawyer can make to a jury from the facts. After stripping away the irrelevant,

speculative, and conjectural opinions, as well as the factual and legal conclusions, from Brown's report, there is simply nothing left.

As a result, Brown's testimony is inadmissible and should not be considered in deciding the parties' instant motions for summary judgment or permitted at trial.

## **CONCLUSION**

For the foregoing reasons, defendant respectfully requests that the Court preclude the expert report of Robert E. Brown from consideration on summary judgment and at trial and grant such other and further relief as the Court deems just and proper.

Dated: New York, New York
       June 2, 2021

                         JAMES E. JOHNSON
                         Corporation Counsel of the
                           City of New York
                         *Attorney for Defendant City of New York*
                         100 Church Street, 4th Floor
                         New York, NY 10007
                         T: (212) 356-2332

                     By: _/s/ Peter W. Brocker_
                           Peter W. Brocker, Esq.
                           Assistant Corporation Counsel

cc: All counsel of record (via ECF)