```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
KEVIN MONAHAN, et al.,

                          Plaintiffs,           20-cv-2610 (PKC)

          -against-                             ORDER ON SEALING


CITY OF NEW YORK,

                          Defendant.
-----------------------------------------------------------x
```

CASTEL, U.S.D.J.

        Plaintiffs have filed an unopposed letter-motion to seal certain exhibits annexed to the Declaration of Wylie Stecklow that were submitted in connection with plaintiffs' motion for summary judgment.  (Docket # 57.)  For the reasons that will be explained, as to certain exhibits, plaintiffs have identified privacy interests that outweigh a presumption of access.  As to others, the presumption of public access outweighs any harm of disclosure.  The motion will therefore be granted in part and denied in part.

        A three-step analysis governs whether a filing may be submitted under seal or with redactions.  First, a court determines whether the filing is a "judicial document"; second, it determines the weight of the presumption of access afforded to the document; and third, the court identifies and weighs factors "that legitimately counsel" against public access.  Mirlis v. Greer, 952 F.3d 51, 59 (2d Cir. 2020).  Sealing or redaction is warranted if the privacy interests of the party resisting disclosure outweigh the presumption of access.  Id.

        Judicial documents are materials that are "'relevant to the performance of the judicial function and useful in the judicial process . . . .'"  Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 119 (2d Cir. 2006) (quoting United States v. Amodeo, 44 F.3d 141, 145 (2d Cir.

1995) ("Amodeo I")).  "[D]ocuments submitted to a court for its consideration in a summary judgment motion are – as a matter of law – judicial documents to which a strong presumption of access attaches, under both the common law and the First Amendment."  Id. at 121.  Summary judgment filings should not remain under seal "absent the most compelling reason" or "absent exceptional circumstances" because the act of formal adjudication should be subject to public scrutiny.  Id. (quotation marks omitted).

The right of public access to a judicial document arises both from the First Amendment and common law.  Lugosch, 435 F.3d at 119-20.  In determining the First Amendment right to access, courts consider whether the documents have historically been open to the press and public and whether public access plays a significant and positive role in the judicial process.  Bernstein, 814 F.3d at 141.  The common law presumption of access is based on the general right of the public to inspect and copy judicial records and other documents, and predates the U.S. Constitution.  Id. at 142.

"Finding that a document is a 'judicial document' triggers a presumption of public access, and requires a court to make specific, rigorous findings before sealing the document or otherwise denying public access."  Newsday LLC v. Cty. of Nassau, 730 F.3d 156, 167 n.15 (2d Cir. 2013).  The right to access is not absolute, however, and the weight afforded to the presumption may vary, depending on the document's role in the judicial process.  Lugosch, 435 F.3d at 121.  When documents directly affect an adjudication or are used to determine the litigants' substantive legal rights, "the presumption of access is at its zenith" and can only be overcome by "extraordinary circumstances."  Bernstein, 814 F.3d at 142.  "It is not, and should not be, an easy matter to deny the public access to documents that are utilized in judicial proceedings and form part of the basis of judicial decision-making, since the public is ordinarily

entitled to review such material in order to understand and evaluate the actions of the courts." Newsday, 730 F.3d at 167 n.15.  When there is a strong presumption of access, as is the case here, "'continued sealing of the documents may be justified only with specific, on-the-record findings that sealing is necessary to preserve higher values and only if the sealing order is narrowly tailored to achieve that aim.'"  Brown v. Maxwell, 929 F.3d 41, 47 (2d Cir. 2019) (quoting Lugosch, 435 F.3d at 124).

Redaction may be appropriate to protect confidential information.  Amodeo II, 71 F.3d at 1047-48.  Courts must consider the "nature and degree of the injury" if information is publicly disclosed.  Mirlis, 952 F.3d at 61.  Information should not be redacted merely because it might harm a party's public reputation.  Sony Ericsson Mobile Commc'ns AB v. Delta Elecs. Pub. Co. (Thailand), 2009 WL 959639, at *2 (S.D.N.Y. Apr. 8, 2009) (Jones, J.).  The privacy interests of innocent third parties also "should weigh heavily in a court's balancing equation." S.E.C. v. TheStreet.Com, 273 F.3d 222, 232 (2d Cir. 2001) (quotation marks omitted).

The first and second steps of the sealing motions fall within the holding of Lugosch: documents submitted in connection with a summary judgment motion are judicial documents that are afforded a high presumption of public access.  Lugosch, 435 F.3d at 121.  In this case, the presumption of public access is also strong because plaintiffs have urged that the City of New York (the "City") is itself responsible for violating plaintiffs' constitutional rights as a matter of municipal policy based on its failure to train NYPD members to determine probable cause for making a disorderly conduct arrest.

Exhibit 20 is an e-mail from a member of the public sent to the City via NYC.gov or the 311 Call Center.  The sender states that while working in Lower Manhattan, she observed "a completely unnecessary use of police personnel" during the Occupy Wall Street movement,

and elaborates on her observations.  The e-mail contains personal information that includes the sender's name, home address, work address, e-mail address and employer.  It also contains the e-mail addresses of City employees who were forwarded the e-mail.  The privacy interest in this information outweighs the presumption of public access.  However, there is no privacy interest in the body of the e-mail, its subject line, or the fact that it was submitted through the City's public-complaint channels.  Exhibit 20 may therefore be filed with redactions to any names, addresses and other personal information, but the sealing motion is denied as to the e-mail's body, subject line and means of transmission.

Exhibit 76 is a short e-mail chain sent from Anthony Raganella of the Disorder Control Unit that relayed concerns about aspects of Occupy Wall Street arrests, specifically including NYPD members' ready access to items like polaroid cameras and bullhorns.  There is a strong privacy interest in the recipient names and e-mail addresses shown on this chain.  Additionally, while the City has not made a sealing application and plaintiffs do not assert that the e-mail discloses law enforcement techniques, out of an abundance of caution, the Court will allow for redaction of the paragraph that begins, "Also, please go over . . ." and concludes with, "Any questions, please call us."  As to the other discussion in the body of the e-mail, there does not appear to be a privacy interest or other countervailing interest that outweighs the presumption of public access.  Exhibit 76 may therefore be filed with the above-discussed redactions.

Exhibits 162, 163, 164, 169 and 170 contain arrest records and other arrest paperwork pertaining to plaintiffs Monahan, McKenna and Varona-Borges.  Plaintiffs urge that their privacy interests in the contents of these documents outweigh the presumption of public access because the documents purport to describe criminal conduct for which the plaintiffs were not convicted.  Plaintiffs also note that the documents were automatically sealed under section

160.50 of the New York Criminal Procedure Law. Plaintiffs acknowledge that these are judicial documents submitted in connection with a summary judgment motion, but state that "there is a vast difference between an exhibit existing on a docket *ad infinitum*" and its use or reference in other contexts, such as publication to a jury. (Docket # 57-2.) The Court notes that, in a different context, Judge Vitiliano of the Eastern District recently observed that the First Amendment's right of public access has not been extended to arrest records. See Wessler v. United States Coast Guard, 2020 WL 10232966, at *4 (E.D.N.Y. Sept. 10, 2020).[1] The Court concludes that, in this specific instance, plaintiffs' privacy interest in their arrest records outweighs the presumption of public access. Portions of these records are quoted at length in the Opinion and Order that adjudicated the parties' summary judgment motions, but unrestricted public access to the documents runs a risk of misuse or unfair embarrassment. There may be situations where the contents of arrest records are of such a nature that the presumption of public access to a summary judgment exhibit outweighs such harms, but none are apparent here. The sealing motion will therefore be granted as to exhibits 162, 163, 164, 169 and 170.

Lastly, plaintiffs seek to seal a document titled "Legal Guidelines for the Republican National Convention." (Stecklow Dec. Ex. 160.) Plaintiffs' application indicates that the document was produced in a parallel litigation, Packard v. City of New York, 15 Civ. 7130 (AT), where it was designated as confidential. Plaintiffs noted their uncertainty as to whether the City continued to view the document as confidential. The City has made no submission setting forth its views on whether the document should remain under seal. That the parties designated a document as confidential in a protective order does not, in itself, satisfy the

---

[1] The issue arose in Wessler in connection with an action seeking declaratory and injunctive relief about plaintiff's access to Coast Guard arrest records, not when considering arrest records as exhibits to a summary judgment motion. Id.

higher showing required by Lugosch.  See, e.g., Tropical Sails Corp. v. Yext, Inc., 2016 WL 1451548 (S.D.N.Y. Apr. 12, 2016) ("The proponent of the protective order bears the burden of demonstrating good cause for closure.  This burden 'is significantly enhanced with respect to judicial documents,' because a common law presumption of, and a qualified First Amendment right to, access attaches to judicial documents.") (Keenan, J.) (quoting Standard Inv. Chartered, Inc. v. FINRA, 347 Fed. App'x 615, 615 (2d Cir. 2009) (summary order)).  The document consists of broad guidance to NYPD members on conduct that may arise at protests, including leafleting, carrying signs or objects, and verbal abuse.  There is no apparent risk of harm in disclosure that outweighs the presumption of public access.  The sealing motion will therefore be denied as to Exhibit 160.

CONCLUSION.

Plaintiffs' motion to seal is GRANTED as to Exhibits 162, 163, 164, 169 and 170.  It is DENIED in full as to Exhibit 160 and in part to Exhibits 20 and 76.  The Clerk is directed to terminate the motion.  (Docket # 57.)

Within seven days, plaintiffs shall publicly file Exhibits 20, 76 and 160, as set forth above.

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
       March 30, 2022