UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
KEVIN MONAHAN, EMER MCKENNA,
PABLO VARONA BORGES, ANTONIO
SERNA and ROBERT LAMORTEKEVIN
MONAHAN, EMER MCKENNA, PABLO
VARONA BORGES, ANTONIO SERNA and
ROBERT LAMORTE,

                Plaintiffs,                  20-cv-2610 (PKC)

    -against-

                                                      ORDER

CITY OF NEW YORKCITY OF NEW YORK,

                Defendant.
-------------------------------------------------------------x

CASTEL, U.S.D.J.

         Plaintiffs' first claim for relief is a section 1983 claim against the sole defendant, the City of New York. It is titled a section 1983 claim, twice references section 1983 in the body of the claim (Compl't ¶¶ 176 & 186.) and implicitly invokes the standard for municipal liability under Monell. (Id. ¶175 "maintained a policy"). The Court granted summary judgment dismissing the Monell claim in an Opinion and Order of March 30, 2022.

         The second claim for relief is denominated as a "FALSE ARREST (IN VIOLATION OF THE FOURTH AMENDMENT)." It does not invoke section 1983 and does not implicitly invoke the Monell standard.[1] A state law claim for false arrest may be asserted against a municipality on a respondeat superior theory. See, e.g., Triolo v. Nassau Cty., 24 F.4th

---

[1] The liability of a municipality under section 1983 may only be premised upon a Monell theory. City of Oklahoma City v. Tuttle, 471 U.S. 808, 818 (1985) ("Given this legislative history, the Monell Court held that only deprivations visited pursuant to municipal 'custom' or 'policy' could lead to municipal liability."); Back v. Hastings On Hudson Union Free Sch. Dist., 365 F.3d 107, 128 (2d Cir. 2004).

98, 110-11 (2d Cir. 2022) ("New York law is clear that municipalities can be liable for the actions of police officers on false arrest claims under a theory of respondeat superior."). The Court construes the second claim for relief as asserted against the City under state law invoking this Court's supplemental jurisdiction. 28 U.S.C. § 1367.

Plaintiffs' only federal claim has been dismissed by reason of the Court's grant of summary judgment to the City on that claim. Let the parties show cause in writing within 14 days why the Court ought not decline to exercise supplemental jurisdiction over the remaining state law false arrest claim against the City.

SO ORDERED.

_____
P. Kevin Castel
United States District Judge

Dated: New York, New York
April 7, 2022